UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KYLE BROUSSARD and GATOR TAIL,
L.L.C.

VERSUS

GO-DEVIL MANUFACTURING CO. OF LA.,
INC., d/b/a GO-DEVIL MANUFACTURERS
OF LOUISIANA, INC.

CIVIL ACTION

No. 08-124-JJB-CN

RULING

This matter is before the court on a Rule 12(e) Motion for a More Definite Statement (Doc.12) filed by Defendant, Go-Devil Manufacturing Co. of La., Inc. ("Go-Devil"). Plaintiff had filed a response (Doc.14). Subsequently, Defendant filed a Reply Brief (Doc.15).

On February 28, 2008, Kyle Broussard and Gator Tail, L.L.C., ("the Plaintiffs") filed a complaint that Go-Devil infringed on three patents owned by Plaintiff. Rule 12(e) says "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

In its motion for a more definite statement, Defendant argues that plaintiffs' claims are so vague and ambiguous that it can not answer the complaint. Defendant points to the allegation that defendant has infringed "at least one claim in at least one of the [three]

1

patents." However, plaintiffs do not specify which claims are at issue. Defendant contends that the '600 patent has 35 claims, the' 340 patent has 14 claims and the '035 patent has 16 claims. Additionally, defendant takes issue with the allegation that "the infringing products include and are not limited to Go-Devil Surface engines," because this would include the entire Go-Devil product line and possibly extend to some unidentified products.

In response, Plaintiffs contend that Rule 12(e) should not be used for lack of detail, but instead should be utilized when the complaint is unintelligible. *CFMT, Inc. v. Yieldup Int. Corp.*, No. Civ. A. 95-549-LON, 1996 WL 33140642, *1 (D.Del. Apr. 5, 1996). If the complaint "comports with the more liberal pleading requirements of Rule 8(a)," then a Rule 12(e) motion should be denied. *Home and Nature, Inc. v. Sherman Specialty Co.*, 332 F. Supp. 2d 260, 265 (E.D.N.Y. 2004). Plaintiffs admit that they fail to specify which patent claims are at issue but they contend that identification of the patent numbers is sufficient for purposed of a motion for more definite statement. *CFMT, Inc. V. Yieldup Int. Corp.* at *2.

Plaintiffs argue that, according to *Home & Nature Inc. v. Sherman Specialty Co.*, a patent infringement claim satisfies Rules 12(e) and 8(a) when it: (a) alleges ownership of the asserted patent; (b) names each individual defendant; ( c) cites the patent that is allegedly infringed; (d) describes the manner in which the defendants allegedly infringed the patent; and (e) identifies the specific sections of the patent law invoked. Plaintiffs contend that the complaint meets all of these elements.

The court agrees with defendant. Naming the patent numbers and alleging that "at

least one claim in at least one of the patents" is being infringed does not provide sufficient notice to comport with the applicable rules. While plaintiffs need not provide details of their claims, they should clearly identify the infringing products. Accordingly, the motion (doc. 12) for more definite statement is hereby GRANTED and plaintiffs shall amend their complaint within 20 days to more specifically allege how defendant has alleged infringed the patents at issue.

Baton Rouge, Louisiana, June 9th, 2008

JUDGE JAMES J. BRADY
MIDDLE DISTRICT OF LOUISIANA