**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GATOR TAIL, LLC** | **CASE NO. 08-CV-124** |
| **V.** | **JUDGE BRADY** |
| **GO-DEVIL MANUFACTURING CO. OF LA., INC. D/B/A THE DEFENDANT MANUFACTURERS OF LOUISIANA, INC.** | **MAGISTRATE NOLAND** |

# PLAINTIFF'S FIRST AMENDED COMPLAINT

The plaintiff, Gator Tail, L.L.C. ("Gator Tail") sues the defendant, Go-Devil Manufacturing Co. of La., Inc. d/b/a Go-Devil Manufacturers of Louisiana, Inc. ("Go-Devil") for infringement of United States Patent Numbers 7,297,035 ("the '035 patent"), 7,048,600 ("the '600 patent"), and 7,052,340 ("the '340 patent.")

## Jurisdiction & Venue

1. This is an action for patent infringement arising under the United States patent laws, specifically 35 U.S.C. §§ 271, 281, and 283-285.

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), and § 1400(b).

## Parties

4. Gator Tail is a Louisiana limited liability company with its principal place of business at 306 Broussard Road, Loreauville, Louisiana 70552.

5. Gator Tail owns by assignment the '035 patent, the '600 patent, and the '340 patent ("the patents"). A copy of the '600 patent is attached as Exhibit A. A copy of the '340 patent is attached as Exhibit B. A copy of the '035 patent is attached as Exhibit C.

6. The defendant is a Louisiana corporation with its principal place of business at 18649 Womack Road, Baton Rouge, Louisiana 70817. The defendant has appeared in this case.

The defendant has, at all times material hereto, done and continues to do business in this judicial district.

## Background

7. The defendant has and continues to make, use, offer for sale and sell, within the United States, including this judicial district, air-cooled outboard motors alone and in combination with boat hulls. As part of its air-cooled outboard motor and its motor and hull combination activities, the defendant markets air-cooled outboard motors that it refers to as "Surface Drive" motors. Such motors include the following models:

a. 18hp Vanguard SD

b. 23hp Delta Waterfowl Vanguard SD

c. 35hp Vanguard SD

d. 23 hp Vanguard SD

e. 25hp Kohler SD and

f. 27hp Kohler SD.

8. The defendant has not only made, used and marketed these models but it has also made, used and marketed combinations of these models with boat hulls, and continues to engage in these activities. On information and belief, the Surface Drive motors have only one use, and that is their attachment to boat hulls to propel the hull on water. Also, on information and belief, the defendant has and continues, as at least a part of its marketing activities, to induce others to attach the Surface Drive motors to boat hulls and use the combination for water transportation.

## Causes of Action

Infringement of the patents.

9. Gator Tail incorporates by reference all preceding paragraphs.

10. Without license or authorization, the defendant has, in this judicial district and elsewhere throughout the United States, made, used, sold and/or offered to sell and will continue to make, use, sell and/or offer to sell its Surface Drive models that infringe, under 35 U.S.C. § 271(a), at least claim 1 of the '600 patent, such infringement being literal infringement or under the doctrine of equivalents.

11. Without license or authorization, the defendant has, in this judicial district and elsewhere throughout the United States, made, used, sold and/or offered to sell, and will continue to make, use, sell and/or offer to sell its Surface Drive models that infringe, under 35 U.S.C. § 271(a), at least claim 1 of the '340 patent, such infringement being literal infringement or under the doctrine of equivalents.

12. Without license or authorization, the defendant has, in this judicial district and elsewhere throughout the United States, made, used, sold and/or offered to sell, and will continue to make, use, sell and/or offer to sell its Surface Drive models in combination with boat hulls, which combinations infringe, under 35 U.S.C. § 271(a) at least claim 1 of the '035 patent, such infringement being literal infringement or under the doctrine of equivalents.

13. By the defendant selling and/or offering to sell its Surface Drive models, which models are especially designed for attachment to boat hulls and have no other substantial use, the defendant has, is, and will continue to contributorily infringe at least claim 1 of the '035 patent under 35 U.S.C. § 271 (c), such activities occurring without license or authorization and occurring in this judicial district and elsewhere throughout the United States.

14. By inducing others to use, sell and/or offer to sell its Surface Models for attachment to a boat hull, the defendant has induced infringement, and will continue to induce infringement of at least claim 1 of the '035 patent under 35 U.S.C. § 271(b), literally or under the doctrine of equivalents.

15. On information and belief, the defendant's infringement of the patents has been and continues to be willful and deliberate.

16. The defendant has also directly and proximately caused, is causing and, unless such acts and practices are enjoined by the Court, will continue to cause Gator Tail to be injured in its business and property rights. Gator Tail has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284.

17. As a direct and proximate consequence of the acts and practices of the defendant, the defendant has also caused, is causing and, unless such acts and practices are enjoined by the Court, will continue to cause irreparable harm to Gator Tail for which there is no adequate remedy at law, and for which Gator Tail is entitled to injunctive relief under 35 U.S.C. § 283.

## **Prayer**

18. For these reasons, Gator Tail prays that the court order and render judgment that:

a. The defendant directly infringed, contributorily infringed, and/or induced infringement of one or more of claim 1 of each of the patents;

b. The defendant, its subsidiaries, officers, agents, servants, employees and attorneys, and all those in active concert or participation with it be preliminarily and permanently restrained and enjoined from directly or indirectly infringing the patents pursuant to 35 U.S.C. 283;

c. Gator Tail recover damages for the defendant's infringement of the patents in accordance with 35 U.S.C 284;

d. The defendant's infringement was willful and that the Court treble the amount of actual damages awarded to Gator Tail;

e. This action be adjudged an exceptional case under 35 U.S.C. § 285 and that the Court award the Gator Tail's attorneys' fees, costs and expenses;

f. Gator Tail be awarded pre-judgment and post-judgment interests and costs of suit against the defendant;

g. Gator Tail be awarded all other relief at equity and at law to which they may be entitled; and

h. Declaring that the patents were duly and legally issued, are valid and are enforceable.

Respectfully submitted,

/s/Joel W. Mohrman

**JOEL W. MOHRMAN,** pro hac vice (T.A)
jmohrman@mcglinchey.com
Texas Bar No. 14253500
Federal Bar No. 5161
**McGLINCHEY STAFFORD, PLLC**
1001 McKinney, Suite 1500
Telephone: (713) 520-1900
Facsimile: (713) 520-1025

ATTORNEYS FOR THE PLAINTIFFS

OF COUNSEL:

**JUSTON M. O'BRIEN** (La. Bar Roll No. 26447)
jobrien@mcglinchey.com
**MCGLINCHEY STAFFORD PLLC**
301 Main Street
One American Place 14th Floor
Baton Rouge, LA 70825
Telephone: (225) 383-9000
Facsimile: (225) 343-3076

**ANDERSON L. CAO,** pro hac vice
acao@mcglinchey.com
Texas Bar No. 24031910
Federal Bar No. 30284
**McGLINCHEY STAFFORD, PLLC**
1001 McKinney, Suite 1500
Telephone: (713) 520-1900
Facsimile: (713) 520-1025

**CERTIFICATE OF SERVICE**

I certify that on July 23, 2008, a copy of the foregoing was electronically filed using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of that system.

/s/Anderson L. Cao