UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KYLE BROUSSARD, ET AL.                           CIVIL ACTION

VERSUS

GO-DEVIL MANUFACTURING CO.                       NO.: 3:08-cv-00124-BAJ-SCR
OF LA., INC. D/B/A GO-DEVIL
MANUFACTURERS OF LOUISIANA,
INC.

CONSOLIDATED WITH[1]

KYLE BROUSSARD, ET AL.                           CIVIL ACTION

VERSUS

MUD BUDDY, LLC D/B/A                             NO.: 3:08-cv-00125-BAJ-RLB
MUD BUDDY MANUFACTURING

### RULING AND ORDER

Before the Court are two related motions for summary judgment. The first was filed by defendant Go-Devil Manufacturing Co. of La., Inc. ("Go-Devil") in civil action 08-cv-00124-BAJ-RLB (Doc. 91); the second was filed by defendant Mud Buddy, LLC ("Mud Buddy") in civil action 08-cv-00125-BAJ-RLB (Doc. 115). Plaintiff Gator Tail, LLC ("Gator Tail") opposes each motion, (08-cv-00124 Doc. 103; 08-cv-00125 Doc. 121), and has also filed motions to strike certain exhibits relied upon by Go-Devil and Mud Buddy in their motions for summary judgment, (08-cv-00124 Doc. 99; 08-cv-00125 Doc. 121). For the following reasons, the defendants'

---

[1] The Court consolidated civil actions 3:08-cv-00124-BAJ-SCR and 3:08-cv-00124-BAJ-RLB for the *Markman* hearing and for trial before the bench on the issue of patent validity, pursuant to Rule 42(a)(1). (*See* Docs. 82, 90).

motions for summary judgment are each DENIED. Likewise, Gator Tail's motions to strike are each DENIED as MOOT insofar as they relate to the defendants' motions for summary judgment.[2]

## I. BACKGROUND

The relevant factual and procedural history is as follows. Plaintiff Gator Tail, LLC owns certain patents, each related to outboard air-cooled motors, apparatuses, and assemblies for use on boats in shallow water and muddy environments.[3] (Doc. 82 at pp. 2–3). Gator Tail alleges that Go-Devil and Mud Buddy each infringed on its patents by "making, using, offering for sale, and selling within the United States outboard air-cooled motors, apparatuses, and assemblies covered by the one or more claims in the patents." (08-cv-00124 Doc. 1 at p. 2). In response, Go-Devil and Mud Buddy have each raised a number of defenses, including that Gator Tail's patents are "invalid and/or unenforceable." (*Id.*).

During the course of litigation, the defendants requested that the United States Patent and Trademark Office ("USPTO") reexamine the validity of the patents at issue. Relevant to the defendants' motions for summary judgment, the USPTO finished its review and issued certificates affirming the validity of Gator Tail's patents in November 2010 and January 2011. (08-cv-00124 Doc. 103-3 (Ex

---

[2] The Court will consider Gator Tail's Motions to Strike as they relate to the bench trial on the issue of patent validity in a separate order.

[3] The patents at issue are numbered U.S. Patent No. 7,052,340, and U.S. Patent No. 7,297,035. The Court will refer to these patents, collectively, as "the patents."

2

Parte Reexamination Certificate, U.S. Patent No. 7,052,340); Doc. 103-4 (Ex Parte Reexamination Certificate, U.S. Patent No. 7,297,035)).

At the parties' joint request, claim construction hearings pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) were held on October 3, and December 5, 2011. (08-cv-00124 Doc. 82). This Court issued its Ruling on Construction of Disputed Terms on June 25, 2013, (*id.*), and, upon stipulation of the parties, set a date for a consolidated bench trial on the issue of patent validity, to be followed by individual trials on the issue of patent infringement, as necessary, (Doc. 90). Thereafter, Go-Devil and Mud Buddy filed the motions for summary judgment as to patent invalidity that are the subject of this Order. (08-cv-00124 Doc. 91; 08-cv-00125 Doc. 115). Gator Tail opposes the defendants' motions, (08-cv-00124 Doc. 103; 08-cv-00125 Doc. 121), and also objects to certain exhibits relied upon by the defendants in their summary judgment motions, (08-cv-00124 Doc. 99; 08-cv-00125 Doc. 119).

## II. DISCUSSION

### A. Standard of Review

Summary judgment is appropriate after adequate time for discovery "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those

3

portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-movant must then come forward with specific facts, which establish a genuine issue for trial. Fed. R. Civ. P. 56(e). The Court views factual disputes in the light most favorable to the non-movant. However, a party cannot defeat summary judgment "by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation marks and citations omitted). Instead, the non-moving party must designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quotation marks omitted). The Court's role at the summary judgment stage is "not to weigh the evidence or determine the truth of the matter, but rather to determine only whether a genuine issue exists for trial." *Pylant v. Hartford Life & Acc. Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007).

In short, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### B. Analysis

"The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." 35 U.S.C. § 282(a). Go-Devil and Mud

4

Buddy advance a number of arguments in support of their assertion that "[t]here are no genuine issues of material fact regarding the invalidity issue," and, thus, they are "entitled to judgment as a matter of law [because Gator Tail's] Patents are invalid."[4] (08-cv-00124 Doc. 91 at ¶ 3). In response, Gator Tail points out that the patents at issue here "were reexamined for patentability de novo by the United States Patent and Trademark Office, and both were confirmed valid and patentable," (Doc. 103 at p. 15); submits as evidence the USPTO's reexamination certificates, (Docs. 103-3; 103-4); and asserts that the defendants have failed to provide "adequate reason why this Court should disregard the USPTO's findings," (Doc. 103 at p. 15). In their reply, Go-Devil and Mud Buddy insist that "this Court should give no deference to the reexamination findings" due to the examiner's "fail[ure] to apply any common sense to the issue, contrary to the [U.S. Supreme Court's] mandate [in *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007)]." (Doc. 107 at pp. 13–14).

This Court is not persuaded by the defendants' insistence that it disregard the USPTO's findings upon reexamination; indeed, this Court determines that the USPTO's findings are, of themselves, sufficient to create a material issue of fact as to the Gator Tail patents' validity. First, it would be *improper* for this Court to completely disregard the USPTO's findings at this stage. The U.S. Federal Circuit

---

[4] More specifically, *Go-Devil* advances a number of arguments in support of its assertion that "[t]here are no genuine issues of material fact regarding the invalidity issue," (08-cv-00124 Doc. 91 at ¶ 3; Doc. 94); Mud Buddy simply "adopts and re-urges the arguments set forth in [Go-Devil's] Motion for Summary Judgment as to Patent Invalidity, Memorandum in Support of Motion, and Statement of Material Facts," (08-cv-00125 Doc. 115 at pp. 1–2).

5

Court of Appeals has consistently admonished that "an examiner's decision on an original or reissue application is evidence the court *must* consider in determining whether the party asserting invalidity has met its statutory burden by clear and convincing evidence, and that, upon reissue, the burden of proving invalidity was made heavier." *Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc.*, 807 F.2d 955, 961 (Fed. Cir. 1986) (emphasis added, quotation marks omitted); *cf. Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1428 (Fed. Cir. 1988) ("[E]ven if the reexamination did not lead to claim amendment or cancellation, it could still provide valuable analysis to the district court, which it could consider in reaching its determination." (citations omitted)). Thus, even assuming that the USPTO examiner applied the wrong standard in confirming the validity of Gator Tail's patents, this Court cannot simply look the other way in the face of the patent examiner's findings.

Second, this Court is not at all convinced that the patent examiner incorrectly applied the *KSR* standard in arriving at its reexamination findings. In rejecting the defendants' arguments that Gator Tail's patents failed for obviousness, the USPTO specifically cited *KSR's* "important insights on the propriety of combining references" to reach its determination that "the skilled artisan in the outboard motor arts would not make the combination [of patents suggested by the defendants' because] the teachings of these references do not lend themselves to 'mere substitution' in the manner suggested." (Doc. 103-3 at pp. 6–7). By way of rebuttal, the defendants offer a blanket assertion that "the examiner focused

6

exclusively on the prior art disclosed in Saito (alone or in combination with Newman, Freeman and/or Watson)." (Doc. 107 at p. 16). However, the defendants fail to provide even one citation to support their claim that the examiner employed a "flawed, 'blinders-on'" approach. (*See id.* at pp. 12–14). In light of the USPTO examiner's extended discussion of obviousness under *KSR*, and the defendants' failure to properly substantiate their claim that the examiner's analysis was "flawed," this Court cannot say that the examiner's findings are entitled to "no deference" whatsoever, even if, ultimately, this Court disagrees with the USPTO's conclusions.

In sum, this Court accepts the USPTO's findings on reexamination of Gator Tail's patents for what they are—evidence of the patents' validity. This evidence easily rises above the level of "conclusory allegations," "unsubstantiated assertions," or "a scintilla," *Little*, 37 F.3d at 1075 (quotation marks omitted), and, when viewed in the light most favorable to Gator Tail, is sufficient to create a genuine issue of fact requiring trial on the issue of patent validity. *See* 35 U.S.C. § 282(a); Fed. R. Civ. P. 56; *Pylant*, 497 F.3d at 538.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the defendants' motions for summary judgment (08-cv-00124 Doc. 91; 08-cv-00125 Doc. 115) are each **DENIED**.

IT IS FURTHER ORDERED that Gator Tail's motions to exclude (08-cv-00124 Doc. 99; 08-cv-00125 Doc. 121) are each **DENIED AS MOOT** insofar as they relate to the defendants' motions for summary judgment.

IT IS FURTHER ORDERED that Gator Tail's **UNOPPOSED MOTION FOR LEAVE TO FILE SURREPLY BRIEF OPPOSING SUMMARY JUDGMENT (08-cv-00124 Doc. 110)** is **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 6th day of January, 2014.

*/s/ Brian A. Jackson*

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

8

Case 3:08-cv-00124-BAJ-RLB   Document 111   01/06/14   Page 8 of 8