UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KYLE BROUSSARD, ET AL.     CIVIL ACTION

VERSUS

GO-DEVIL MANUFACTURING CO.     NO.: 3:08-cv-00124-BAJ-RLB
OF LA., INC. D/B/A GO-DEVIL
MANUFACTURERS OF LOUISIANA,
INC.

CONSOLIDATED WITH[1]

KYLE BROUSSARD, ET AL.     CIVIL ACTION

VERSUS

MUD BUDDY, L.L.C. D/B/A     NO.: 3:08-cv-00125-BAJ-RLB
MUD BUDDY MANUFACTURING

ORDER

Considering Defendant Go-Devil's **LETTER TO THE COURT (08-cv-00124 Doc. 128),** and in light of the U.S. Supreme Court's most recent decision in *Nautilus, Inc. v. Biosig Instruments, Inc.*, No. 13-369, 572 U.S. ___, 2014 WL 2440536 (June 2, 2014):

**IT IS ORDERED** that the Parties shall submit briefs on whether the patents-in-suit are void for lack of definiteness *no later than* **Friday, June 13, 2014.** The Parties' briefs shall be limited to *no more than* **seven (7) pages**, and

---

[1] The Court consolidated civil actions 3:08-cv-00124-BAJ-RLB and 3:08-cv-00125-BAJ-RLB for the *Markman* hearing and for trial before the bench on the issue of patent validity, pursuant to Rule 42(a)(1). (*See* 08-cv-00124 Docs. 82, 90).

shall otherwise be in accordance with this Court's Local Rules. *See, e.g.*, M.D. La. LR 7.5, LR10.1. In addition to addressing whether the patents-in-suit are invalid for lack of definiteness in light of the Supreme Court's *Nautilus* decision, the Parties' briefs shall address whether Defendants waived the issue of invalidity for lack of definiteness "[b]y failing to properly raise that argument" in their post-trial briefs. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1295 (Fed. Cir. 2009).[2]

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this Order in the case-specific dockets for civil action 08-cv-00124 *and* civil action 08-cv-00125.

Baton Rouge, Louisiana, this 5th day of June, 2014.

*/s/ Brian A. Jackson*

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[2] Defendant Go-Devil's post-trial brief addressed whether the patents-in-suit are invalid as obvious, and for lack of enablement and written description, (*see* 08-cv-00124 Doc. 124 at pp. 2–3); Defendant Mud Buddy limited its post-trial analysis to whether the patents-in-suit are invalid as obvious, (*see* 08-cv-00125 Doc. 140 at p. 2)).